**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Eva Pepaj, et al.,<br>Plaintiffs,<br>v.<br>Jimmie Dee's Bar LLC, et al.,<br>Defendants. | No. CV-25-00175-PHX-KML<br>**ORDER** |

On August 8, 2025, the parties filed a notice they had reached a settlement. (Doc. 19.) The court issued an order directing the Clerk of Court to "enter a judgment of dismissal with prejudice without further notice on September 11, 2025, unless prior thereto a Stipulation to Dismiss, along with a form of order, or request for reinstatement on the court's trial calendar is filed herein." (Doc. 20 at 1.) The parties did not file anything by September 11 and on September 16, 2025, the Clerk of Court entered a judgment of dismissal with prejudice. (Doc. 21.) Nothing further was filed by the parties until thirteen months later when they filed a Joint Motion to Approve Consent Judgment. (Doc. 22.)

The Motion to Approve Consent Judgment, filed on October 10, 2026, provided no explanation for the delay. (Doc. 22.) The motion did not even acknowledge that final judgment had entered over a year earlier. On October 14, 2026, the court denied the motion. The court explained "[b]ecause all claims have already been dismissed, there is no basis to enter an additional judgment." (Doc. 23.) The parties then waited another five weeks to file a joint motion to reopen. (Doc. 24.)

The motion to reopen purports to be brought under Federal Rule of Civil Procedure 60(b)(6). The motion explains the parties settled "in principle" in August 2025 but they then "spent many months negotiating the details of that settlement." (Doc. 24 at 2.) The final settlement was executed on October 2, 2026, and they filed their motion for consent judgment on October 10, 2026. (Doc. 24 at 3.) The parties do not explain why they allowed the judgment to remain in place for thirteen months nor do they explain the additional delay between October 14 when the court denied the motion for consent judgment and November 19 when they filed their Rule 60(b)(6) motion.

A Rule 60(b)(6) motion "must satisfy three requirements. The motion cannot be premised on another ground delineated in the Rule; it must be filed within a reasonable time; and it must demonstrate 'extraordinary circumstances' justifying reopening the judgment." *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (simplified). The motion does not satisfy any of these requirements.

A Rule 60(b)(6) motion cannot be brought on a basis covered by another subsection of the rule because doing so would "circumvent the 1–year limitations period that applies" to those subsections. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, n.11 (1988). For example, Rule 60(b)(1) allows for relief based on "mistake, inadvertence, surprise, or excusable neglect." A party cannot restyle a motion based on "mistake" as a motion under Rule 60(b)(6) because that would allow 60(b)(6) to "swallow the preceding paragraphs" of the rule. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025).

Here, the parties' actions fall more naturally under subsection (1) than (6). It appears to have been through "mistake, inadvertence, surprise, or excusable neglect" that the parties allowed for judgment to be entered and then took no action for more than a year. That delay is fatal because subsection (1) requires a motion within one year and the parties waited more than one year to file their Rule 60 motion. The parties cannot rely on Rule 60(b)(6) and the court's inquiry could stop there.

Even if the court were to view the parties' motion as properly brought under Rule 60(b)(6), the parties have not satisfied the second requirement of filing the motion within

a "reasonable time." "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Here, there is a significant interest in finality, the parties offer no meaningful explanation for their delay, and they knew or should have known much earlier that final judgment had been entered. The only factor weighing in favor of finding their delay reasonable is the lack of prejudice to other parties. But in the circumstances of this case, that lack of prejudice does not outweigh the other factors and the parties did not file their motion within a "reasonable time."

Finally, even if the court were to assume the motion was properly brought under Rule 60(b)(6) within a reasonable time, the parties have not established any "extraordinary circumstances" supporting relief. *BLOM Bank*, 605 U.S. at 210. The Supreme Court recently stressed relief under Rule 60(b)(6) "is available in narrow circumstances" and the moving party or parties must be "faultless[]." *Id.* at 211-12 (simplified). The parties' motion makes no effort to satisfy this standard. In fact, it does not even use the phrase "extraordinary circumstances." The court cannot manufacture arguments for the parties. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (simplified). The motion could therefore be denied based on the parties' failure to engage with the governing legal standard. *See Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1058 (9th Cir. 2023) ("up to the parties to decide . . . which arguments they wish to make").

But here, even if they had addressed the governing standard, the motion would be denied. Assessing "extraordinary circumstances" requires a court "intensively balance numerous factors." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) (simplified). The factors begin with whether there has been an intervening change in the law. *Id.* at 446-47. There has been no such change. Next, the court must examine the parties' diligence in pursuing relief and the delay between the judgment and the basis for the motion. *Id.* at 449-52. The parties were not diligent, and the one-year delay is unexplained. The court also must determine whether there are any reliance interests in the

finality of the case that might be impaired. Presumably there are none, so this factor supports granting the motion. Because these factors originated in the habeas context, the court must also evaluate any "concerns of comity." *Id.* at 453. There are no such concerns here. Finally, the court must determine if there are any "additional considerations" meriting relief. *Id.* at 453-54. The only consideration is the parties' desire to generate a final judgment that can be used to assert claims against insurance. That factor weighs slightly in favor of granting relief.

Overall, the absence of any change in governing law, the parties' lack of diligence, and their lengthy delay weigh against granting relief. Although there are not reliance interests and the parties wish to have a final judgment for insurance purposes, the balance of the factors do not establish "extraordinary circumstances." And rather than "faultlessness," the parties are directly at fault for their present predicament.

**IT IS ORDERED** the Motion for Relief from Judgment (Doc. 24) is **DENIED**.

Dated this 23rd day of November, 2026.

Honorable Krissa M. Lanham
United States District Judge